### PEASE v. EAGAN.

*(Supreme Court, General Term, First Department. June 26, 1891.)*

SUBROGATION—MORTGAGES—VOLUNTEERS.

> J. devised certain real and personal estate to his executors in trust to receive the income of the real estate, pay one-third to his widow, and apply the other two-thirds to the maintenance of his children, and to invest the personal estate, and accumulate the income thereof, and pay the aggregate over to the children at majority. After the youngest child attained the age of 21, defendant, J.'s widow and executrix, paid off a mortgage of $18,000, on the real estate, out of the personal estate in her hands, devised in trust for the children. The remainder in the real estate was limited to the children, the interest of each subject to be divested by his or her death without issue in the life-time of the widow. Plaintiff's testatrix, one of J.'s children, during the life-time of the widow without issue. Before testatrix's death she had assented to the payment the mortgage on the real estate out of the personal estate. *Held,* in an action by her executor to be subrogated to the rights of the mortgagee, in the absence of evidence that such assent was without full knowledge of the provisions of her father's will making her interest in the real estate defeasible, that she was a mere volunteer in respect of such payment, and that plaintiff was not entitled to the relief prayed.

Appeal from special term, New York county.

Action by Charles G. Pease, executor of Clara E. Pease, deceased, against Clara M. Eagan, executrix of John Eagan, deceased. From a judgment for defendant, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARRETT, J.

*Glover, Sweezy & Glover,* (*Richard L. Sweezy,* of counsel,) for appellant. *Redfield & Redfield* and *F. F. Vanderveer,* (*Amasa A. Redfield,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought for subrogation to and foreclosure of a mortgage. The facts which seem to be established by the record are as follows, although other facts are assumed by the appellant to be established because of admissions in the pleadings, which, however, cannot be considered because of the fact of there being an infant who put in a

general answer: John Eagan died on the 17th of May, 1875, leaving his widow, the defendant, Clara M. Eagan, and two children, a son, William G. Eagan, and a daughter, Clara E. Eagan, who afterwards became Clara E. Pease. The said John Eagan left a will, which was duly admitted to probate, his wife qualifying as sole executrix, and by which, after bequeathing his household furniture to his wife, all his estate, real and personal, was devised and bequeathed to his executors in trust, substantially for the following purposes: To receive the income of the real estate, and to pay one-third to his wife during her life, and to apply the remaining two-thirds, after paying out of the same an annuity to the maintenance and education of his children in equal shares, until the youngest of such children should attain the age of 21 years, and until such real estate should be sold as in the will directed, with directions to accumulate any surplus of such income for the benefit of the children during their minority. In respect to the personal estate, the will provided that the same should be invested, and the income accumulated during the minority of the children, and, upon their attaining 21 years of age, the entire personal estate, and all accumulations of income of real and personal estate, was to be paid over to his children. The will further provided that upon the death of his wife, and upon the youngest child attaining the age of 21 years, his real estate should be sold, and the proceeds thereof divided among his children in equal shares. If his children should attain the age of 21 years during his life-time of his wife, the executors were authorized and directed to sell the real estate before the death of the wife, provided the wife consented thereto. The will further provided that, if any of his children should die during the life-time or after his death, and before the time in said will appointed for selling and distributing his estate, real and personal, among them as aforesaid, leaving legal issue surviving them, then the issue of the children so deceased should take the share or portion of the estate, real or personal, which his, her, or their parent would have taken under the will, if living at the time of such sale and distribution; and, if any of such children should die without issue during the life-time of his wife, or before the sale and distribution should have been made to and among them, and should leave a brother or sister, or issue of brother or sister, surviving, then the share of the child so dying without issue should be taken by such surviving brother or sister, or the issue of any deceased brother or sister. Among other pieces of property, the testator died seised of property No. 43 East Sixty-Fourth street, subject to a mortgage made by the testator to secure the sum of $18,000, which by its terms became due on the 23d of April, 1877. The youngest of the testator's children, it appears, came of age on the 30th April, 1877, and on said day, the mortgage having become due, the executrix of the will of John Eagan paid this mortgage out of the personal estate in her hands as executrix, and canceled the same of record. Upon the accounting before the surrogate, the executrix credited herself with the payment of this mortgage out of the personal estate, and a decree was made by the surrogate approving the account as rendered, the children of the testator both assenting thereto. It appears that subsequently, the said Clara E. Eagan having subsequently married, the plaintiff commenced a proceeding in the surrogate's court to open the decree theretofore entered upon her consent, but said application was denied. In July, 1880, Clara E. Pease died without issue, leaving a last will and testament, of which her husband, the plaintiff is executor. After this action was brought, her brother, William Eagan, died, leaving a widow and one child, who are parties to this action. Upon these facts the court dismissed the complaint, and from the judgment thereupon entered this appeal is taken. Although the ground upon which the learned judge put his decision does not seem to be borne out by the facts, yet the interference of the court is asked upon the assumption that certain facts appear which were not established, namely, that the ac-

quiescence of the plaintiff's testatrix in the payment of this mortgage was obtained by representations in respect to the condition of the property which caused her to consent thereto, not being apprised of her rights. It is true that the admission of these facts is contained in the answer of the adult defendants, but, there being a general answer by an infant, such admission amounted to nothing, and, in order that any such condition of affairs should be considered, it should have been proven upon the trial.

It is clear that under the will of John Eagan the interest of the children in the personal estate became absolute upon their arriving at the age of 21, and that, as both the children did attain the age of 21, they became the absolute owners of the personal estate devised, to be held in trust during their minority. Their interest in the real estate, however, was of an entirely different character. Such interest was liable to be divested by their death during the life-time of the widow, except only as to such portions of the real estate as might be sold after the children became 21 with the consent of the widow. It was necessary, therefore, either that the widow should die, or the real estate be sold by and with her consent, after the arrival of the children at 21, in order that such children should have an indefeasible interest in said real estate. The provision of the will is explicit that, should any of the children of the testator die during his life, or after his death, before the time in said will appointed for selling and distributing the said real estate, and should leave legal issue him surviving, then the issue shall take when the time of distribution arrived. If they left no issue, then the surviving brother or sister was to take. Thus the absolute vesting of the estate depended upon either the death of testator's widow, or the sale of the real estate with her consent after the children arrived at 21 years of age. The real estate was not sold, and Clara E. Pease died without issue during the life-time of the widow. Consequently her share or interest in the estate went, under the will of her father, to her brother, or his issue, if he should die, as has happened, during the life-time of the widow. Under this state of facts, Clara E. Pease consented to the payment of this mortgage partially out of her money, and it further appears that, upon the rendition of the account to the surrogate, this money was charged, and she consented to the passing of the account; and there is no evidence whatever to show that she did not so consent with full knowledge of the provisions of her father's will in respect to her interest in this estate. As far as this case goes, she was a mere volunteer, and there is no proof whatever of the necessity for the preservation of the estate, that she should intervene with her money for the purpose of paying the amount of this mortgage. It is true this fact is assumed in the argument of the learned counsel for the appellants, but there is no proof to establish the same. Under such circumstances, there does not seem to be any basis for the claim of the right of subrogation, and we think that the conclusion which was reached by the court below was correct, and that the judgment should be affirmed, with costs.

BARRETT, J., concurs in the result.